IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN McBROOM, M35692, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-2167-DWD |
| | ) |
| JEREMIAH BROWN, | ) |
| MS. BYCE, | ) |
| | ) |
| Defendants. | ) |

# ORDER TO SHOW CAUSE

**DUGAN, District Judge:**

Plaintiff Benjamin McBroom, an inmate of the Illinois Department of Corrections (IDOC) housed at Lawrence Correctional Center (Lawrence), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his rights under 42 U.S.C. § 1983, the Americans with Disabilities Act and the Rehabilitation Act.  (Doc. 1). Plaintiff's allegations concern a permanent hand injury, defendants' alleged refusal to accommodate his injury, and the various repercussions of the lack of accommodations. Upon initial review, the face of the pleadings suggested that Plaintiff had filed suit prior to exhausting his administrative remedies, so the Court directed him to show cause on this issue.  (Doc. 10).  Plaintiff has now filed a timely response to the show cause order. (Doc. 17).

## Analysis

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available

administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d 739, 740 (7th Cir. 2008). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. IDOC's grievance procedure does not contain an explicit timeframe for the handling of emergency grievances, 20 Ill. Admin. Code § 504.840, though it does provide that "when reasonably feasible" a grievance officer shall make a recommendation on a grievance within two months of receipt, 20 Ill. Admin. Code § 504.830(e). The grievance appeals process also suggests that an appeal of an emergency grievance should be "expedited" but there is not a firm processing deadline. 20 Ill. Admin. Code § 504.850(f).

Although it is generally appropriate to wait for a defendant to raise an affirmative defense, the Seventh Circuit has noted that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A plaintiff can plead himself out of court, and if he includes allegations "that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Although a plaintiff need not anticipate or overcome an affirmative defense like exhaustion, if he alleges facts sufficient to establish that an affirmative defense applies,

"the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

By Plaintiff's own allegations, he filed this Complaint (Doc. 1) only six days after submitting an emergency grievance at the prison. In response to the Order to Show Cause, Plaintiff has submitted a copy of his August 30, 2024, original grievance (Doc. 17 at 26-27), the grievance officer and Chief Administrative Officer's September 11, 2024, response (Doc. 17 at 28), and the Administrative Review Board's rejection of the grievance as untimely appealed on October 30, 2024 (Doc. 17 at 30). These exhibits clearly and unequivocally show that Plaintiff initiated this lawsuit before awaiting the outcome of the grievance process. The exhibits also show that the grievance process functioned rather quickly to provide him an initial response to the issues presented, with the Warden expediting the grievance for emergency processing on September 9, 2024, and the grievance office and CAO reviewing it on September 11, 2024.

Plaintiff vehemently contends that his complaint should not be dismissed for failing to exhaust, but his arguments are not persuasive. First, he argues that after filing suit he learned that his grievance requests for a typewriter related to this lawsuit were actually "non-grievable" issues, which he claims would render the grievance process unavailable. This argument is unavailing because this is not the outcome Plaintiff's grievance in this case met. Second, he argues that while he was at Graham Correctional Center for a brief time, he had filed a grievance about the same topic that was lost or destroyed. He claims the lost grievance excused him from ever needing to file a grievance for this case. Simply put, the Court does not believe this contention. It is unsupported

by any evidence, and in the Complaint Plaintiff went on at great length and in detail about his August 30, 2024 emergency grievance, but he made no mention whatsoever he had already tried to grieve the issue at Graham.  Third, Plaintiff argues that the emergency grievance he ultimately exhausted and attached to his show cause response was mishandled and should not have been rejected as untimely by the ARB.  Whatever the merit of this claim might be, it does not help him with the problem that he filed this lawsuit before waiting for the ARB to respond to the grievance in late October 2024—within two months of him initiating it at the prison.  Fourth, Plaintiff argues it was unfair that no prison employee would help him to write his grievance to avoid injury to his hand, but this is also irrelevant to the timeline between the filing of the grievance and this complaint.  Fifth, Plaintiff argues that the defendants should be equitably estopped from pursuing exhaustion in this case for a variety of reasons, but the grievance process is mandatory and cannot be equitably excused.

Plaintiff also argues throughout his response that it is unfair for his case to be dismissed and for a strike to be assessed, but he is mistaken in this respect.  When a case is dismissed for failure to exhaust administrative remedies, the dismissal is without prejudice, and the dismissal does NOT constitute a strike.  The consequence of filing a lawsuit too early and treating the Court as a prison complaint department is that the case will be dismissed, and Plaintiff will have to pay a second fee to start over, but not that he will be barred in some way from presenting the claims altogether.  The fact that Plaintiff has begun to draft an amended pleading (that he has now submitted excerpts of twice) makes no difference because an amended pleading cannot be used to fix an exhaustion

problem for the preexisting claims. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (an exhaust first, sue later approach is not acceptable, and an amended pleading cannot cure an exhaustion defect).

### Disposition

Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to exhaust administrative remedies. This dismissal does not bar Plaintiff from presenting his claims in any future lawsuit once the claims are fully exhausted.

**IT IS SO ORDERED.**

Dated: April 24, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge